# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0217V

|  |  |
|---|---|
| JOYCE GLENN, as personal representative of the estate of ANTHONY GLENN,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 10, 2025 |

*Jessi Carin Huff*, Maglio Christopher & Toale, Seattle, WA, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On February 25, 2022, Joyce Glenn, as personal representative of the estate of Anthony Glenn ("Decedent"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Decedent suffered Guillain-Barré syndrome following the administration of an influenza vaccine on September 13, 2019. Petition, ECF No. 1. On

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

October 10, 2023 (less than two years after the claim's initiation), I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 34.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $85,542.39 (representing $76,883.39 in fees and costs, plus $8,659.00 in estate-related fees and costs). Application for Fees and Costs ("Motion") dated July 10, 2024, ECF No. 41. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no out-of-pocket expenses. ECF No. 41-4.

Respondent reacted to the motion on July 24, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 42. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 43.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

2

and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

The hourly rates requested for all attorneys and paralegals that performed work in this matter through the end of 2024 are reasonable and consistent with prior determinations, and will therefore be awarded herein. But the total amount of fees to be awarded requires adjustment.

### B. Excessive and Duplicative Billing

The billing records establish that a somewhat excessive amount of time was devoted to the review of medical records exhibits for filing and integrating such records into a medical summary.[3] Attorney Isaiah Kalinowski billed a total of 42.40 hours at the hourly rate of $430.00 (totaling $18,232.00 in fees) on this task alone. See ECF No. 41-2 at 6-7. Additionally, the billing records reflect several instances in which multiple staff members reviewed the same medical records and exhibits to determine completeness and other filings in this case,[4] further suggesting some degree of unnecessary overlap/inefficiency compounding the unnecessary work performed on this matter.

It is well established that attorney's fees may be reduced due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by ten percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-65V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied,* 129 Fed. Cl. 691 (2016). All of the above justifies an across-the-board reduction of the fees, in lieu of performing a time-consuming line-by-

---

[3] See billing entries dated: 7/17/21; 7/19/21; 7/21/21; 7/22/21 (two entries); 7/29/21; 8/4/21; 10/20/21; 10/21/21; 10/22/21. *Id.*

[4] Some examples include entries on: 3/23/20; 3/26/20; 4/13/20; 4/14/20 (duplicative efforts by staff members MSS, MRC, and TMA). Also, on 12/3/21: "IRK" billed 8 hours to draft the Petition in this case while "JCH" later billed 11.20 hours on 2/9/22; 2/10/22; and 2/15/22 to also draft the Petition in this case, totaling 19.20 hours expended on the Petition which consisted of eight pages total. ECF No. 41-2.

line review of submitted invoices. I therefore reduce the total attorney's fees requested herein by *ten percent* as a fair adjustment to account for the repeated instances of unnecessary billing practices. Application of the foregoing reduces the amount of fees to be awarded by **$7,608.30**.[5]

### C. Estate Fees

Petitioner further requests reimbursement of $8,659.00 in fees related to establishing the Estate of Anthony Glenn. After reviewing the billing records submitted in support of this request, I find the amount requested hereto reasonable and hereby awad it in full.

### D. Attorney's Litigation Costs

Petitioner requests $800.39 in overall litigation costs. ECF No. 41-3. Such costs are associated with obtaining medical records, postage fees and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable and hereby award them in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$77,934.09 (representing $69,275.09 in attorney's fees and costs, plus $8,659.00 in estate fees and costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] This amount is calculated as ($76,083.00 x 0.10) = $7,608.30.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4